## Commonwealth v. Lieberman

*Thomas J. Williams,* for Commonwealth.
*Bruce Cooper,* for defendant.

WICKERSHAM, *J.*, April 8, 1975—This matter is before the court on defendant's application to quash criminal complaint.

Defendant, Larry C. Lieberman, is president of a company engaged in the electrical contracting business. This company, E & R Contractors, Inc., has a union contract with International Brotherhood of Electrical Workers Local Union 143 (IBEW 143). On or about April 5, 1974, Richard Book, the administrator of the IBEW 143 health and welfare and pension funds, brought a private criminal complaint against defendant Lieberman before a district justice. The complaint charged Lieberman

with a violation of section (9)(b.1) of the Wage Payment and Collection Law of July 14, 1961, P.L. 637, as amended, July 12, 1972, P.L. 526 (No. 192), 43 PS §260.9(b.1). The Secretary of Labor and Industry was at no time involved in any phase of these proceedings. Defendant filed an application to quash criminal complaint and the case came before this court for argument.

Defendant asserts as ground for quashing the complaint that the Secretary of Labor and Industry is the specific party charged with the responsibility of enforcing the Wage Payment and Collection Law, and that the IBEW 143 administrator of health and welfare and pension funds has no authority to institute a criminal proceeding under the act.

It is true that in section 8, under the heading "Enforcement," the act expressly provides, in part, that:

"It shall be the duty of the Secretary of Labor and Industry to enforce and administer the provisions of this act to investigate any alleged violations of this act and *to institute prosecutions and actions as provided hereunder . . .*": 43 PS §260.8 (Emphasis added.)

Indeed, this general statement in section 8 is the only reference in the act to the right to institute criminal prosecutions. The following section, section 9, 43 PS §260.9, includes both explicit directives to the secretary regarding the procedure for giving notice to the employer of wage claims, as well as the statement of criminal penalties for violation of the act relied on in the present action. Although the notice provisions in section 9(a) set forth the notice requirement as an express duty of the secretary, the penalty provisions in sections

9(b) and (b.1) are silent with regard to who may initiate such criminal proceedings.

In contrast, section 11 of the act, 43 PS §260.11, outlines in detail the circumstances under which either the employe or the secretary may bring a civil action against the employer for alleged violations of the act. The act states in clear terms that the employe or his agent or representative has the right to maintain a civil action against his employer or, at the employe's option, he may request the secretary to initiate proceedings on his behalf by assigning his wage claim to the secretary. In the latter case, the act specifies that the secretary shall possess the power to bring any legal action necessary to collect the claim, subject to any right of the employer to set-off or counterclaim against the assigning employe: 43 PS §260.11.

Essentially, defendant's argument here is that the above three sections of the act (43 PS §§260.8, 260.9 and 260.11), when read together, establish that the secretary has the exclusive power to institute prosecutions and actions under the act subject only to the section 11 exception expressly granting the employe the right to initiate civil proceedings. The Commonwealth, however, maintains that these same sections simply establish a right in the secretary concurrent with that of the employe to institute a prosecution or action under the act.

We believe that an employe may not, under the provisions of the act, initiate criminal proceedings against his employer for alleged violations of the act. No case law has been cited to the court, nor has the court in its own research been able to find a case directly bearing on this question. The purpose of the Wage Payment and Collection Act and statutes of this type, however, is ". . . to effect a quick payment

of wages or compensation due in order to undercut any position of economic superiority possessed by the employer.": Weingrad v. Fischer & Porter Company, 47 D. & C. 2d 244, 251 (1968); State v. Oregon State Motor Assn., 432 P. 2d 512 (1967). We are of the opinion that this goal may be adequately achieved under the civil remedy provisions of section 11. An aggrieved employe has the option to initiate civil proceedings himself, to bring suit through his agent or representative, or to assign his claim to the secretary, thereby allowing the secretary to pursue the action on his behalf. Additionally, where the employe prevails, the act provides for the allowance of costs and counsel fees (43 PS §260.11(c)) and, in some instances, liquidated damages equal to the amount of the claim still outstanding: 43 PS §260.10.

Of course criminal penalties may also be imposed in the event that an employer violates the act, and the notice provisions of section 9(a) constitute some initial procedural protections for the employer prior to the commencement of a criminal prosecution. Where the employe informs the secretary of the alleged violations, the secretary has an affirmative duty to determine the validity of the claim and to give appropriate notice to the employer. Failure of the employer to respond within ten days after notification results in liability for an additional ten percent penalty. The employer, however, can avoid criminal prosecution by offering to the secretary evidence of a good-faith dispute or contest as to the amount of wages due or some other defense to the claim: 43 PS §260.9(a).

It is our understanding that the notice provisions of section 9(a) were included in the act with the intention of providing the employer with an oppor-

tunity to advance a defense to the employe's claim prior to the institution of a criminal action. Moreover, the construction principles found in the Statutory Construction Act of November 25, 1970, P.L. 707, added December 6, 1972 (no. 290) sec. 3, 1 Pa.S. §§1501, et seq., support the above interpretation. Where a conflict exists between a general provision (as here the section 8 broad grant of powers to the secretary) and a specific provision (as here the specific right of the employe to bring civil actions), the statute should be read to give effect to both provisions, with the specific provision seen as an exception to the general provision: 1 Pa.S. §1933. Furthermore, as a rule, the penal provisions of a statute must be strictly construed: 1 Pa.S. §1928(b)(1).

And now, April 8, 1975, the criminal complaint is quashed.